UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHALIE ARCOZ                                    CIVIL ACTION

VERSUS                                            NO. 25-759

JERRY AYMOND, JR., ET AL.                         SECTION: "D" (3)

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Defendant, filed by Defendants Jerry Aymond, Jr. and the United States of America.[1] In the Motion, Defendants "move the Court under Fed. R. Civ. P. 12(b)(1) and 28 U.S.C. §§ 2679(a), (d)(1) to name the United States of America as the sole defendant, and dismiss Aymond as named defendant for lack of subject-matter jurisdiction under the Federal Tort Claims Act (FTCA)."[2] Plaintiff Nathalie Arcoz did not file an opposition to the Motion, and the Court therefore construes the Motion as unopposed.[3]

In this matter, Plaintiff filed a claim pursuant to the FTCA alleging damages arising out of an automobile collision with Mr. Aymond, an employee of the United States Marine Corps, who was in the course and scope of his employment with the U.S. Government at the time of the accident.[4]  "The FTCA, as amended by the Westfall Act, specifically provides that a lawsuit against the United States is the exclusive remedy for individuals . . . with claims for damages resulting from actions

---

[1] R. Doc. 19.
[2] *Id.* at p. 1.
[3] *See* Local Rule 7.5 of the Eastern District of Louisiana.
[4] *See* R. Doc. 7.

of federal employees within the scope of their employment."[5] The Supreme Court has explained that:

> When a federal employee is sued for wrongful or negligent conduct, the [Westfall] Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee.[6]

Therefore, once the Attorney General "certifies that the federal employee acted within the scope of his employment, the plaintiff properly can proceed only against the United States as defendant. The federal employee remains immune from suit."[7]

Here, pursuant to 28 C.F.R. § 15.4,[8] the Government has provided a Certification from the Chief of the Civil Division for the United States Attorney's Office for the Eastern District of Louisiana that "the named defendant, Jerry L. Aymond, Jr., was acting within the scope of his federal employment with the United States Marine Corps at the time of the incidents out of which plaintiffs claim arose."[9]

---

[5] *Tran v. United States Postal Service*, Civil Action No. 24-2904, 2026 WL 763673, at *2 (E.D. La. Mar. 18, 2026)(Long, J.)(citing 28 U.S.C. § 2679(b)(1); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988)).

[6] *Osborn v. Haley*, 549 U.S. 225, 229–230 (2007)(citation modified). 28 U.S.C. § 2679(d)(1) provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

[7] *Osborn*, 549 U.S. at 238 (citation modified).

[8] 28 C.F.R. § 15.4(a) provides that "[t]he United States Attorney for the district where the civil action or proceeding is brought, or any Director of the Torts Branch, Civil Division, Department of Justice, is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose." 28 C.F.R. § 15.4(a).

[9] *See Nathalie Arcoz v. USAA Casualty Insurance Company, et al.,* No. 24-1686 (E.D. La.), Sect. "D" 3, R. Doc. 1-2. The Court takes judicial notice of the Government's filing in this previous identical matter that was filed before this Section of the Court. *See* Fed. R. Evid. 201.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss is **GRANTED.** Pursuant to 28 U.S.C. § 2679, the United States of America shall be substituted as the party Defendant in place of Jerry Aymond, Jr.

**IT IS FURTHER ORDERED** that Defendant Jerry Aymond, Jr. is **DISMISSED** from the above-captioned matter.

New Orleans, Louisiana, May 11, 2026.


**WENDY B. VITTER**
**United States District Judge**

3